UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 30, 2021

LETTER TO COUNSEL

RE:   *Laquanda S-J. v. Commissioner, Social Security Administration*
      Civil No. SAG-20-2494

Dear Counsel:

On August 28, 2020, Plaintiff Laquanda S-J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda. ECF Nos. 16, 21, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on June 1, 2017, alleging a disability onset date of May 1, 2006. Tr. 178-83. Her claim was denied initially and on reconsideration. Tr. 74-77, 10. On June 4, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31-61. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7-24. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, anxiety disorder, and obesity." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: cannot perform production rate or pace work. She can perform isolated work with occasional supervision, but no interaction with the public or other employees. She can perform simple, routine tasks in a low stress environment with occasional decisionmaking and occasional changes in the work setting. Due to issues with anxiety and bipolar disorder, the claimant will be off-task for ten percent of the workday.

*Laquanda S-J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2494
December 30, 2021
Page 2

Tr. 16. The ALJ determined that Plaintiff had no past relevant work, but after considering the testimony of a vocational expert ("VE"), found that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. 19-20. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 20.

Plaintiff raises two arguments on appeal, specifically that the ALJ: 1) did not properly consider medical records; and 2) denied Plaintiff an opportunity to testify regarding the ALJ's conclusion that Plaintiff willfully chose not to work. ECF No. 16-1 at 13-19.

Plaintiff first argues that the ALJ mischaracterized Plaintiff's mental health records from KeyPoint Health Services ("KeyPoint"). *Id.* at 13-17. Plaintiff maintains that KeyPoint's records do not "illustrate normal appearance, motor functioning, attitude, thought content and process, attention, and concentration" as stated by the ALJ. Tr. 17. Instead, Plaintiff points to records that indicate Plaintiff had pressured speech, dysthymic and/or anxious mood, and tangential thought. ECF No. 16-1 at 14-15. Yet, the ALJ addressed these findings in her opinion, noting that "mental examinations are significant for pressured and/or loud speech and dysthymic/anxious mood and affect, as well as observable irritability and mood swings." Tr. 17. The ALJ engaged in a lengthy discussion of Plaintiff's treatment records, and determined that "[t]reatment notes also suggest that treatment, both therapeutic and pharmacological, are effective in managing [Plaintiff's] symptoms," and "[a] longitudinal review of treatment notes illustrates initial improvement in depressive symptoms and eventual stabilization, but with some continuing mood swings." *Id.* Finally, the ALJ noted Plaintiff continued to struggle with "implementing coping skills for anxiety at an effective time" and "self-esteem," but that "these symptoms, along with irritability and mood swings, and diminished judgment, as they have been discussed by [Plaintiff] and established by objective record, have been taken into account in formulating [Plaintiff's] RFC." *Id.* at 18. Therefore, the ALJ properly reviewed and summarized Plaintiff's mental health records from KeyPoint. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Here, the ALJ provided substantial evidence to support the summary of plaintiff's medical records from KeyPoint regarding plaintiff's mental impairments. Remand on this basis is therefore unwarranted.

Next, plaintiff maintains that she was not afforded an opportunity to address the ALJ's portrayal of Plaintiff as a malingerer based on the KeyPoint records. ECF No. 16-1 at 17-19. The ALJ did not subpoena the KeyPoint records until after Plaintiff's hearing. The SSA Hearing, Appeals and Litigation Manual ("HALLEX") requires that "[w]hen an [ALJ] received additional evidence after the hearing from a source other than the claimant or the appointed representative, if any, and the ALJ proposes to admit the evidence into the record, he or she will proffer the evidence to the claimant and appointed representative. . . . When proffer is required, the ALJ will usually offer the claimant an opportunity for a supplemental hearing." HALLEX I-2-7-1(B), 1993 WL

*Laquanda S-J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2494
December 30, 2021
Page 3

751906 (2016).  On July 5, 2019, the ALJ in this case noted that the KeyPoint records had been received and proposed to enter them into the record.  Tr. 286-88.  The notice stated that Plaintiff or her counsel could submit "written comments concerning the evidence, a written statement as to the facts and law you believe apply in the case in light of that evidence, and any additional records you wise me to consider.  You may also submit written questions to be sent to the author(s) of the new evidence.  You may also request a supplemental hearing at which you may also have the opportunity to appear, testify, produce witnesses, and submit oral statements concerning the facts and law."  Tr. 286.  Defendant notes that Plaintiff "did not request a supplemental hearing from the ALJ, nor did she submit written comments or questions after receipt of the ALJ's proffer letter, either within 10 days of the notice or at anytime prior to the ALJ issuing her decision on August 29, 2019, almost two months after she sent the proffer letter."  ECF No. 21-1 at 9.

In Plaintiff's reply, she states that her "argument is not that she should have been permitted to testify about the KeyPoint records that were added . . . rather, Plaintiff's argument is that it is fundamentally unfair for the ALJ to rely on two entries in 324 pages of records to characterize Plaintiff as malingering without giving her an opportunity to respond."  ECF No. 22 at 4 ¶ 4.  The ALJ noted in Plaintiff's RFC that "some treatment notes suggest that [Plaintiff] might be able to work, but that she was worried about qualifying for section 8 and other social supports, and indicated that she 'refused to do jobs she is "forced" to do,' after her therapist assisted [Plaintiff] with possible jobs that she could do.  She also indicated that she did not want to work, but instead would like to volunteer at the NICU with addicted babies."  Tr. 18.  While the ALJ did include this information in her opinion, she did not base her decision that Plaintiff is not disabled on the fact that she believed that Plaintiff was a malingerer.  To the contrary, the ALJ, as discussed above, thoroughly examined Plaintiff's medical records, including the mental health records from KeyPoint, and determined that Plaintiff could perform work within the confines of the RFC which considered her anxiety, mood swings, and diminished judgment, among other symptoms.  Tr. 18. Plaintiff poses several questions in her Motion for Summary Judgment regarding these statements from the KeyPoint records summarized by the ALJ, such as "[w]as the therapist thinking of part-time work of work for an employer who provides protected work for persons with disabilities?," "[w]hat are the jobs [Plaintiff] is 'forced to do' that she is refusing to do?," and "why is the therapist giving legal advice?"  Plaintiff had the opportunity to respond to the ALJ's proffer with written questions such as these or to request a supplemental hearing to address these statements, but chose not to exercise that right.  Accordingly, remand is not warranted on this issue.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 16, is DENIED, and Defendant's Motion for Summary Judgment, ECF 21, is GRANTED.  The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

*Laquanda S-J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2494
December 30, 2021
Page 4

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                                Sincerely yours,

                                                /s/
                                              Stephanie A. Gallagher
                                              United States District Judge